GEORGE KUTLENIOS,

       Plaintiff,
       Counter-Defendant,

vs

UNUMPROVIDENT CORPORATION,
a Delaware corporation, Defendant,
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, a Tennessee
corporation, Defendant, Counter-Plaintiff,
ROBERT A. CORREA, a Florida resident,
Defendant, jointly and severally.

Case No. 2:07-cv-15333
Hon. Sean F. Cox
Magistrate Steven R. Whalen

---

## STIPULATED AND AGREED PROTECTIVE ORDER

Pursuant to the stipulated joint request of the parties for a mutual Protective Order, the Court hereby finds good cause exists for the issuance of a protective order;

IT IS HEREBY ORDERED:

1.     Any document, interrogatory answer, deposition testimony, or other information obtained through any means of pre-hearing discovery, or any portion thereof, may be designated as confidential by the party producing it if such party reasonably believes that such information constitutes or discloses confidential business information.

2.     A party producing material they intend to keep confidential under this Order must designate it as "CONFIDENTIAL."  With respect to documents, the designating party shall place the words above, or similar language, clearly on each such page or portion of the CONFIDENTIAL Material designated for protection.  In lieu of

marking the original of a document if the original is not produced, the designating party may mark the copies that are exchanged or produced.

3. CONFIDENTIAL Material classified under paragraph 2 above ("CONFIDENTIAL" Material) may be disclosed only to the following persons ("Qualified Persons"), and only under the conditions set forth below (in ¶4), except upon the prior written consent of the designating party:

a) The Court and the administrative staff at the American Arbitration Association (as necessary);

b) Outside attorneys for the parties and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action, but only if such persons are not shareholders, officers, directors, or employees of a party to this action;

c) Bona fide consultants and experts retained by outside attorneys for the parties, to the extent necessary for the conduct of this action, but only if such persons are not shareholders, officers, directors, or employees of a party to this action; and

d) Deponents noticed by the parties, to the extent necessary for the conduct of this action, and court reporters at such depositions.

4. Before any Qualified Person in possession of CONFIDENTIAL Material (a "disclosing person", for purposes of this paragraph) shows or discloses such CONFIDENTIAL Material to a person described in paragraph 3(c) or 4(d), (a "receiving person" for purposes of this paragraph), the disclosing person shall provide to the

receiving person a copy of this Order and shall require the receiving person to read the Order and execute (sign and date) a copy of Exhibit "A" to this Order.

5.      CONFIDENTIAL Material shall be kept strictly confidential in its entirety unless otherwise indicated by the designating party and shall not be disclosed, disseminated, discussed or otherwise published in whole or in part, directly or indirectly, by any manner, method or means whatsoever to any person, firm or entity except as provided herein.  CONFIDENTIAL Material produced or exchanged in the course of this litigation shall not be used for any purpose other than in connection with the prosecution, defense or settlement of this action.  Disclosure of CONFIDENTIAL Material to an individual other than a Qualified Person shall subject the disclosing person to such contempt sanctions as the Court deems appropriate.

6.      Any CONFIDENTIAL Material filed with the Court shall be submitted under seal and shall remain under seal until further Order of the Court.  Where possible, only portions of the filing with the Court constituting CONFIDENTIAL Material shall be submitted under seal.   The party filing any CONFIDENTIAL Material shall be responsible for informing the members of the Court that the filing should be sealed and for placing the legend "TO BE SUBMITTED UNDER SEAL PURSUANT TO COURT ORDER" next to the caption.  .

7.      Counsel and all other Qualified Persons receiving or reviewing CONFIDENTIAL Material shall treat any document they created that incorporates CONFIDENTIAL Material - including handwritten notes or correspondence - as a derivative copy of the CONFIDENTIAL Material.  All such derivative copies shall be treated just as the CONFIDENTIAL Material is treated.

8.	Any copies of the CONFIDENTIAL Material shall be maintained by counsel for the parties (as distinguished from the parties themselves) in the offices of counsel.  The individuals allowed to review the CONFIDENTIAL Material pursuant to this Order shall do so in such counsel's office or otherwise in the presence of counsel. No additional copies of such materials shall be made by the receiving party, except that each party may provide one copy to their independent experts as defined above in paragraph 4(c).  Such independent expert shall not make any additional copies of the CONFIDENTIAL Material, and shall return their copy to counsel within thirty (30) days of the conclusion of this litigation.

9.	A party shall not be obligated to challenge the propriety of a designation under paragraph 2 at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Any party may request in writing to the party who produced CONFIDENTIAL Material that the designation be modified or withdrawn.  If the designating party does not agree to redesignation within five (5) days of receipt of the written request, the requesting party may apply to the Court for relief.  Upon any such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper.  Agreement of the parties to this Order shall not be construed as an agreement or admission by one party that any designation under paragraph 2 by the other party is in any way proper or correct.

10.	Thirty (30) days after termination of this action, including any appeals, documents and other tangible items containing CONFIDENTIAL Material, including all copies, notes and other materials containing or referring to information derived therefrom, shall be returned to the party which produced it or, upon that party's consent,

destroyed, and all persons who possessed such material shall verify, to the best of their knowledge, the return or destruction by affidavit furnished to the producing party.

11.     If the CONFIDENTIAL Material defined by this Order is in any manner referenced or utilized in the course of a deposition, counsel for the parties shall be given opportunity to indicate on the record at the deposition, or in writing within twenty-one (21) days after receipt of the transcript of such deposition, that the testimony contains CONFIDENTIAL Material and is subject to the provisions of this Order.

12.     Prior to any deposition or segment of a deposition wherein either party intends on discussing or utilizing in any manner the CONFIDENTIAL Material defined herein, the court reporter taking such deposition shall be provided with a copy of the Order.  All such depositions shall be conducted in private, with only Qualified Persons in attendance.

13.     The restrictions embodied in this Order shall be binding upon the party to whom such CONFIDENTIAL Material is produced unless and until that party shows to this Court that:

a)     The CONFIDENTIAL Material, in the form produced, was or becomes public knowledge absent a breach of the restrictions of this Order, or

b)     The CONFIDENTIAL Material, in the form produced, was already made known to that party through a third party who himself has not breached any obligation of confidentiality in doing so.

14.     The terms of this Order shall be binding upon the parties after the conclusion of this litigation by dismissal, settlement, entry of final judgment or other means.  This Court shall retain jurisdiction to enforce the terms of the Order and all

persons subject to its terms expressly submit to the jurisdiction of this Court for purposes of such enforcement.

ENTERED this 1st day of October 2008.

s/ Sean F. Cox
Hon Sean F. Cox

**Stipulated to by the attorneys for the parties:**

*/s/ Ilana S. Wilenkin (with permission)*
GEORGE KUTLENIOS
Ilana S. Wilenkin (P61710)
Law Offices of Stuart Feldheim, P.C.
Attorney For Plaintiff
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334-3255
248-932-3505
Liana@Lawsmf.Com

*/s/ Kathleen H. Klaus*
ROBERT A. CORREA
KATHLEEN H. KLAUS (P67201)
MADDIN, HAUSER, WARTELL,
    ROTH & HELLER, P.C.
Attorneys for Defendant Robert A. Correa
28400 Northwestern Highway, Third Floor
Southfield, Michigan 48034
248-354-4030
khk@maddinhauser.com

*/s/ K. Scott Hamilton (with permission)*
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY
K. Scott Hamilton (P44095)
Dickinson Wright, PLLC
Attorney for Defendants, Unumprovident Corp.
and Provident Life and Accident Ins. Co.
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
313-223-3500
khamilton@dickinsonwright.com

**EXHIBIT A**

I, _____, of full age, hereby declare that:

1.     I have read the Protective Order in the matter of *Kutlenios v. UnumProvident Corp., et al.* pending in the United States District Court for the Eastern District of Michigan ("Litigation").

2.     I understand all of the terms of the Protective Order.

3.     I consent to be bound by the terms of the Protective Order.

4.     I will not use any CONFIDENTIAL Information as defined in the Protective Order for any purpose other than the prosecution or defense of the Litigation, including, without limitation, competing with the disclosing party or advising or providing services to any business competitors of the disclosing party.

I declare under the penalty of perjury that the foregoing is true and correct.


Date: _____          _____