UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE KUTLENIOS,                               Case No. 07-15333

        Plaintiff,                          HONORABLE SEAN F. COX
                                            United States District Judge
v.

UNUMPROVIDENT CORPORATION,
et. al.,

        Defendants.
_____/

OPINION & ORDER DENYING PLAINTIFF'S MOTIONS
FOR RECONSIDERATION OR REHEARING [Doc. Nos. 88, 89]

Plaintiff George Kutlenios ("Kutlenios") brings the instant civil action against Defendants UnumProvident Corporation and Provident Life and Accident Insurance Company (collectively, "Unum") for breach of contract, and against insurance agent Robert Correa ("Correa") for professional negligence arising out of Kutlenios's application for disability insurance with Unum.  On June 29, 2009, the Court granted summary judgment for the defendants in this matter, and denied summary judgment for the plaintiff. [*See* June 29, 2009 Opinion & Order, Doc. No. 86].  The matter is currently before the Court on Plaintiff's motions for reconsideration [Doc. Nos. 88, 89].  The Court declines to hear oral argument pursuant to Local Rule 7.1(g)(2).  For the reasons below, the Court **DENIES** Plaintiff's motions for reconsideration. [Doc. Nos. 88, 89].

STANDARD OF REVIEW

The Court's local rule regarding motions for reconsideration states, in pertinent part:

Generally, and without restricting the court's discretion, the court will not grant

> motions for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case.*

E.D. Mich. L.R. 7.1(g)(3) (emphasis added).

## ANALYSIS

I.  <u>Motion for Reconsideration Regarding Defendant Correa [Doc. No. 88]</u>

In his motion for reconsideration of the Court's grant of summary judgment for Defendant Correa, Kutlenios argues that the Court misapplied Michigan's law regarding the "last treatment rule" in M.C.L. § 600.5838(1). [Pl.'s Br., Doc. No. 88, pp.6-11]. Kutlenios presents no factual evidence in his reconsideration motion that differs from that which the Court considered in the original cross-motions for summary judgment. Again, under Local Rule 7.1(g)(3), "the court will not grant motions for rehearing or reconsideration that merely presents the same issues ruled upon by the court."

The Court's legal analyses regarding M.C.L. § 600.5838(1), and Michigan's two-year statute of limitations for Kutlenios's claims, remain the holding of the Court. None of Kutlenios's arguments to the contrary in his motion for reconsideration demonstrate a "palpable defect" in the Court's June 29, 2009 Opinion & Order. Indeed, all arguments made by Kutlenios in the instant motion for reconsideration were already considered and rejected by the Court in the June 29, 2009 Opinion & Order. As such, the Court **DENIES** Kutlenios's motion for reconsideration [Doc. No. 88].

II.  <u>Motion for Reconsideration Regarding Defendant Unum [Doc. No. 89]</u>

In his motion for reconsideration of the Court's grant of summary judgment for

Defendant Unum, Kutlenios argues that the Court's June 29, 2009 Opinion & Order contains "palpable defect[s]" based upon incorrect interpretations of the facts of the case. Kutlenios, however, presents no factual evidence in his reconsideration motion that differs from that which the Court considered in the original cross-motions for summary judgment. Again, under Local Rule 7.1(g)(3), "the court will not grant motions for rehearing or reconsideration that merely presents the same issues ruled upon by the court."

In his motion for reconsideration, Kutlenios continues to split factual hairs regarding whether he was under a physician's care for ankylosing spondylitis ("A/S") between March 1, 2006 and June 1, 2006 - the period of time in which Kutlenios applied for the policy with Unum. [Def.'s Br., Doc. No. 89, pp.11-24]. The Court has already considered - and rejected - this argument in its June 29, 2009 Opinion & Order.

Kutlenios also argues that the Court "failed to understand that the only relevant inquiry is whether a factual issue exists that Mr. Kutlenios was residually disabled under the policy." *Id*. at p.12. The Court has already made a finding in its June 29, 2009 Opinion 7 Order - a finding based off of Kutlenios's own admissions, no less - that Kutlenios *was* residually disabled.

Finally, Kutlenios argues that the a jury should be permitted to make factual findings regarding Kutlenios's alleged fraud. While the Court noted that fraudulent statements made by Kutlenios were one potential theory under which Unum could seek to rescind the policy [*See* June 29, 2009 Opinion 7 Order, Doc. No. 86, p.11], the Court *did not make a finding that Kutlenios's misstatements or omissions were fraudulent*. Rather, the Court held that, assuming *arguendo* those misstatements or omissions were not fraudulent, they were still "material" as defined under Michigan law, and that they were "in relation to a loss beginning before the two-

year anniversary of the policy." *Id.*

All other arguments made by Kutlenios in the instant motion for reconsideration were already considered and rejected by the Court in the June 29, 2009 Opinion & Order. As such, Kutlenios has failed to show a "palpable defect" in the Court's June 29, 2009 Opinion & Order, and the Court therefore **DENIES** Kutlenios's motion for reconsideration [Doc. No. 89].

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motions for reconsideration [Doc. Nos. 88, 89].

**IT IS SO ORDERED**.


                    s/Sean F. Cox  
                    Sean F. Cox  
                    United States District Judge

Dated: November 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 18, 2009, by electronic and/or ordinary mail.

                    s/Jennifer Hernandez  
                    Case Manager